Dear Chief Carpenter:
You requested an Attorney General's opinion regarding the Winnfield Code of Ordinances Section 2-32(b).
Specifically, you seek our opinion as to whether it is mandatory for the department heads to attend all meetings of the mayor and city council as well as give reports of departmental activity. According to your correspondence, some department heads are not attending all meetings. The particular municipal ordinance that you refer to, in pertinent part, reads:
Sec. 2 — 32. Heads of various departments.
(a) The following positions are established as heads of departments, under the direct supervision of the mayor:
 (1) Director of recreation;
 (2) Fire chief;
 (3) Wastewater treatment plant department supervisor;
 (4) Water and sewer department supervisor;
 (5) Street/sanitation supervisor;
 (6) Landfill supervisor;
 (7) Electrical supervisor.
(b) The general duties of a department head shall include: . . . Attend meetings of the mayor and city council and give reports of departmental activity as required. Manage the personnel and work load such that overtime is held to a minimum.
The City of Winfield is a Lawrason Act municipality. La. R.S. 33:321
et seq., governs all municipalities except those that are governed by a special legislative charter, a home rule charter, or plan of government adopted pursuant to La. Const. Art. 6, § 5, or Part II or Part III of the Local Government Chapter in Title 33. The general duties and responsibilities of public officials thereunder include the faithful support of the constitution and the laws of Louisiana and of the United States. In particular, the actions of the board of aldermen are governed by La. R.S. 33:362 and the actions of the mayor are governed by La. R.S.33:404. Pursuant to LSA R.S. 33:404, which, in pertinent part, reads:
 (A)The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
 (2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
 (3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a nonelected chief of police, the municipal clerk, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. Furthermore, selection or removal of any person engaged by a municipality to conduct an examination, review, compilation, or audit of its books and accounts pursuant to R.S. 24:517 shall be subject to approval by the board of aldermen of that municipality.
 (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law. (Emphasis added)
Clearly, the mayor is the direct supervisor for the municipal employees enumerated in Winnfield Code Sec. 2 — 32. As such, he mandates which meetings the employees must attend. Plainly, the mayor can direct the department heads to attend all the mayor and city council meetings and report department activity; however, there is nothing in Sec. 2 — 32, which requires department heads to attend all meetings unless the mayor directs them. Notwithstanding the aforementioned, the Board of Aldermen has the authority to enact ordinances regarding municipal employees. Pursuant to LSA R.S. 33:362(A)(3) the board of aldermen, "subject to law. . . .and applicable civil service rules and regulations, shall by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees." In La. Atty. Gen. Op. No. 06 — 0008, this office opined that the board of aldermen establishes the policies and procedures regulating the employment of municipal employees to which the mayor and chief of police must abide. Thus, if the council properly creates an ordinance to require the department heads to attend all meetings regardless of the agenda, then the department heads would have to attend.
Accordingly, it is our opinion that the mayor shall have the power to supervise and direct the administration and the operation of all municipal departments. Therefore, the mayor mandates which meetings the department heads need to attend.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of help to you or to the Board in the future.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:_______________________ ANTHONY D. WINTERS Assistant Attorney General
 CCF, JR:ADW:jv